## UNITED STATES

### v.

**Sergeant Jimmy R. VINYARD, 446–44–0216, US Army, 127th AG Detachment (Postal), APO New York 09696.**

### CM 435107.

U. S. Army Court of Military Review.

24 Feb. 1977.

Appellate Counsel for the Accused: CPT James Recasner, JAGC; CPT D. David Hostler, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Dana C. McCue, JAGC; CPT Gary F. Thorne, JAGC; COL Thomas H. Davis, JAGC.

Before CLAUSE, DONAHUE and COSTELLO, JJ.

## OPINION OF THE COURT

CLAUSE, Senior Judge:

Appellant was convicted, contrary to his plea, of stealing $5,800.00 worth of postal money orders in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921.

Appellant urges that his sentence is constitutionally invalid because it includes a provision for additional confinement upon the failure to pay the fine adjudged. We disagree.

The sentence was as follows:

"To be reduced to the grade of E1; To be confined at hard labor for 9 months; To pay a fine to the United States of $5,800.00; And in the event the fine is not paid to the United States, to be fur-

ther confined for 2 years in lieu of the fine; To be separated from the service with a bad conduct discharge."

The appellant relies substantially on three Supreme Court cases [1] which generally condemn as unconstitutional discrimination the imprisonment of indigents because of their inability to pay fines adjudged as sentences. Although the circumstances of these cases required only limited holdings, they have been widely interpreted as providing that where indigency is established and where no alternative means of collection or enforcement of fines is provided for, the imprisonment of an indigent for his failure to pay a fine constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment.[2]

Most cases in this area have resulted from *habeas corpus* actions after the individual has been actually confined for his failure to pay the adjudged fine either pursuant to an alternative sentence, as in the instant case, or by operation of statutes requiring confinement for non-payment of adjudged fines. The results have been the same in both these types of cases, but some others have gone further. Although decided on a related issue, in *Burton v. Goodlett*, 480 F.2d 983 (5th Cir. 1973), it was stated that alternative sentences may not be lawfully imposed in the face of demonstrated indigency, at least where the indigency means an immediate conversion of the fine to imprisonment. Other courts have found unconstitutional on the same grounds statutes which could result in automatic incarceration upon simple failure to pay. *See Abbit v. Bernier*, 387 F.Supp. 57 (D.C.1974); *State v. Tackett*, 483 P.2d 191 (Haw.1971); *Pedersen v. Blessinger*, 56 Wis.2d 286, 201

N.W.2d 778 (1972); *Rutledge v. Turner*, 495 P.2d 119 (Okl.Cr.1972).

Military law expressly authorizes the type of alternative sentence adjudged in the instant case. Paragraph 126*h* (3), MCM 1969 (Rev.). *United States v. DeAngelis*, 3 U.S.C.M.A. 298, 12 C.M.R. 54 (1953). The recent Supreme Court cases do not affect the presumptive validity of this type sentence. *See United States v. Kehrli*, 44 C.M.R. 582 (A.F.C.M.R.1971). Nonetheless, the military sentence is susceptible to the same automatic application criticized above. It could also result in imprisonment for indigency. Such application of the sentence, however, will be separated from its imposition because in military practice fines are not collectable until and unless the sentence is ordered into execution at the completion of appellate review. Paragraph 126 *h* (5), MCM 1969 (Rev.). In addition there is the further possibility of clemency action as to the unexecuted part of the sentence by several authorities, including the convening authority who finally orders the sentence into execution.[3] Any of these authorities may disapprove the fine or the alternative confinement prior to its execution.

Due to the uncertain length of time before completion of appellate review and the fact that appellant's financial status is always subject to change, the question of an appellant's indigency can only be resolved at the time his case is ready for final action.[4] We believe that if the appellant is shown to be indigent in fact at the time of final action, and if reasonable means of payment are not afforded, the further confinement of the appellant pursuant to the alternative sentence would be of questionable constitutionality.

---

1. *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); *Morris v. Schoonfield*, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

2. The cases are collected at 31 A.L.R.3d 926–942.

3. Article 74, Uniform Code of Military Justice; AR 190–47. The appellant has completed the adjudged confinement portion of his sentence

(reduced pursuant to clemency action) and is presently on excess leave.

4. The record of trial indicates that the appellant's financial status was bad at the time of trial. However, this matter was not developed to the extent that a conclusive judgment could be based thereon. Further information concerning appellant's current financial status may be made available to those authorities authorized to take further clemency action. Further inquiry may also be ordered thereon.

The findings of guilty and the sentence are affirmed.

Judges DONAHUE and COSTELLO concur.