UNITED STATES

v.

Sergeant Raymond L. KNOX, FR 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 96th Avionics Maintenance Squadron Fifteenth Air Force (SAC).

ACM 22202.

U. S. Air Force Court of Military Review.

Sentence Adjudged 31 Dec. 1976.

Decided 25 July 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, Senior Judge and FORAY and ORSER, Appellate Military Judges.

DECISION

FORAY, Judge:

Upon trial by general court-martial with members, the accused was convicted, contrary to his pleas, of the offenses of sodomy, soliciting a male under sixteen years of age to commit lewd and indecent acts, and communicating a threat, in violation of Articles 125 and 134, Uniform Code of Military Justice. 10 U.S.C. §§ 925, 934. The approved sentence extends to bad conduct discharge, confinement at hard labor for nine months, total forfeitures, and reduction to the grade of airman basic. The United States Disciplinary Barracks, Fort Leavenworth, Kansas, was designated as the place of confinement.

Appellate defense counsel have submitted three claims of error for our review. One of the errors assigned warrants discussion, while the remaining two lack merit.

Appellate defense counsel claim Prosecution Exhibit 1, a pretrial statement of a

prosecution witness, was erroneously admitted into evidence by the military judge as a memorandum of the witness's past recollection. They say the error was the result of the failure on the part of the prosecution to establish the proper foundation for the statement's admission into evidence.

The witness, James H, was the victim of the sodomy offense. He testified at some length concerning his recollection of the relevant facts and events which occurred shortly before the acts of sodomy were performed. However, when questioned directly by trial counsel and when cross-examined by trial defense counsel, H consistently answered that he could not remember any of the facts or circumstances relating to the actual commission of the acts of sodomy.

In order to fill the void in H's testimony, trial counsel sought to offer into evidence H's written, signed and sworn pretrial statement which contained his account of the acts of sodomy with the accused. The statement had been prepared on the day of the offense by a civilian police officer based on facts supplied by H. To support the offer of the statement into evidence, trial counsel urged "the Government is relying on the exception of the hearsay rule, past recollection recorded." A timely objection was made by defense counsel which was overruled by the military judge and the statement was accepted into evidence. It is this statement which is the subject matter of the claim of error before us.

The Manual for Courts-Martial, 1969 (Rev.), paragraph 146a, provides, in part:

Memoranda may be used to enable a witness to supply facts once known by him but now forgotten or only uncertainly or incompletely remembered or to enable a witness to refresh his memory.

We are concerned here only with the first category of memoranda. For such memoranda to be admissible in evidence, the Manual provision indicates the following must have occurred at trial:

1. The witness used the memorandum to attempt to refresh his recollection, did not remember the facts or events or had only uncertain or incomplete recall of them, and relied on the recitation of the facts or events appearing in the memorandum.

2. The witness stated the memorandum represented the past knowledge he had at a time when his recollection was reasonably fresh concerning the recorded facts or events.

3. The witness stated from his present memory that at a time when his recollection was reasonably fresh as to the facts or events recorded he had read the memo and found it to be correct, or must have done so.

Here, after it became apparent H could not recall certain pertinent facts or events, the following colloquy took place between trial counsel and H in an attempt to establish the admissibility of H's pretrial statement as a record of past recollection.

Q. I am handing you Prosecution Exhibit 1 for Identification—I want you to read it—the entire statement, and when you are done, I want you to look up. (The witness began to read Prosecution Exhibit 1 for Identification, and after a short period of time, he looked up from the exhibit.)

OK, now, there is a signature at the bottom of that statement—is that your signature?

A. Yes, sir.

Q. Did you place it on that piece of paper?

A. Yes, sir.

Q. Who did you give that statement to, do you know?

A. Officer Franklin.

   *       *       *       *       *       *

Q. Did you relate to him what happened on base?

A. Yes, sir.

Q. Were you telling him the truth when you told him what happened on base?

A. Yes, sir.

Q. Did you remember then what happened—when you gave him the statement? Let the record reflect an affirmative response. Did Officer Franklin place

you under oath before you signed your name—did he make you swear the statement?

A. Yes, sir.

Q. Now, after looking at the statement, does it help you remember what happened in the room?

A. A little.

Q. What do you remember?

A. (No audible reply.)

\*     \*     \*     \*     \*     \*

Q. I ask you the question again Hank—what do you remember happened in the room?

A. I don't remember now.

■ The foregoing illustrates that H could not remember the facts or events surrounding the sodomy offense; the pretrial statement did not refresh his present memory of any of the facts or events; the statement represented the past knowledge he had at a time when his recollection was fresh; and that at the time when the statement was made the facts and events recorded in it were correct. Accordingly, we find the memorandum of the past recollection of H to have been properly admitted into evidence by the military judge. Manual for Courts-Martial, *supra*, paragraph 146a. See *United States v. Day,* 2 U.S.C.M.A. 416, 9 C.M.R. 46 (1953); *United States v. Molette,* 3 U.S.C.M.A. 674, 14 C.M.R. 92 (1954); *United States v. Bergen,* 6 U.S.C.M.A. 601, 20 C.M.R. 317 (1956); *United States v. Webb,* 12 U.S.C.M.A. 276, 30 C.M.R. 276 (1961).

■ In addition to the evidence contained in Prosecution Exhibit 1, direct evidence concerning the commission of acts of sodomy between H and the accused was provided through the testimony of the witness Jim M.\* M was present in the accused's dormitory room at the time the offense of sodomy took place. As an eyewitness to the offense, M testified at length as to what he had observed. In fact, the evidence he provided was far greater in detail than that contained in Prosecution Exhibit

1. Also, corroborative evidence was supplied by the testimony of other witnesses who appeared on behalf of the Government. Evaluation of this evidence leads us to conclude that even if we found Prosecution Exhibit 1 to have been erroneously admitted into evidence, the error would not have presented any fair risk of prejudice to the accused. *United States v. Walters,* 22 U.S.C.M.A. 516, 48 C.M.R. 1 (1973); *United States v. Simpson,* 15 U.S.C.M.A. 18, 34 C.M.R. 464 (1964). In sum, we would have found beyond a reasonable doubt such an error to be harmless. *United States v. Ward,* 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975).

The approved findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, and ORSER, Judge, concur.

---

\* M was the victim alleged in the two specifications charged as violations of Article 134, Uniform Code of Military Justice, of which the accused was also convicted.