UNITED STATES, Appellee,

v.

Bobby E. JUSTICE, Staff Sergeant, U. S. Air Force, Appellant.

No. 33,680.

ACM 22091.

U. S. Court of Military Appeals.

Oct. 17, 1977.

*Captain David A. Bateman* argued the cause for Appellant, Accused.

*Captain Gilbert J. Regan* argued the cause for Appellee, United States. With him on the brief was *Colonel Julius C. Ullerich, Jr.*

Opinion of the Court

COOK, Judge:

In accordance with his pleas, appellant was convicted by a general court-martial of accepting bribes (8 specifications), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

The record of trial reflects that following the judge's instructions, the court closed to deliberate on the sentence. Upon reopening, the judge entered into the following colloquy with the president:

MJ: Has the court arrived at a sentence?

PRES: Yes, sir.

MJ: Would you like for me to examine the worksheet or are you satisfied it's in proper form?

PRES: I think you could examine the worksheet.

> (The President presented the worksheet to the Military Judge.)

MJ: The worksheet appears to be in proper form. You have a figure written down here in fines and no check mark. I assume that there is no . . . [fine]; is that correct?

PRES: No.

MJ: Go ahead and have a seat.

> (The President resumed his seat.)

MJ: The worksheet reflects a sentence of the court for forfeitures and a fine. In my instructions that I gave you, I advised you that if you adjudge a fine you could not also adjudge forfeitures. Was it the sentence that you intended to have both?

PRES: Yes, sir.

Both trial and defense counsel perused the sentence worksheet, which contained notations indicating a sentence extending

to a bad-conduct discharge, reduction to Airman Basic, total forfeitures, and a fine of $5,000. As the judge erroneously believed that both a fine and forfeitures could not be adjudged, he gave additional instructions on the matter,[1] and with the concurrence of both trial and defense counsel, he also instructed the court on the procedure for reconsideration of the sentence. Upon returning from further deliberations, the president announced a sentence of a bad-conduct discharge, reduction to Airman Basic, and a fine of $6,000.

Initially, the Court of Military Review held that because the first sentence was not illegal, the judge had improperly "directed" reconsideration with a view to either increasing or decreasing the sentence; but, as the second sentence was less severe than the first, it concluded corrective action was not required.[2] *United States v. Justice*, 54 C.M.R. 751, 2 M.J. 344 (A.F.C.M.R.1976). The Government moved, successfully, for reconsideration. The court then clarified its original opinion. It held that the court-martial reconsidered the sentence with a view to increasing its severity and that such reconsideration was improper because perusal of the "worksheet" by the defense counsel amounted to "announcement" of the sentence. The court, however, adhered to its position that the second sentence was less severe, and, therefore, could properly be affirmed. *United States v. Justice*, 54 C.M.R. 1029, 2 M.J. 623 (A.F.C.M.R. 1977). Pursuant to Article 67(b)(2), UCMJ, the Judge Advocate General certified the following issues for review:

I. Was the Court of Military Review correct in holding that the action of the military judge in showing the sentence worksheet to the trial and defense coun-

sel constituted an announcement of the proposed sentence which precluded full reconsideration by the court members?

II. If the answer to question I is in the affirmative, should the action of a military judge in examining a sentence worksheet and thereafter advising the court members of corrective action which they should take be considered a private communication requiring the worksheet to be disclosed to counsel before such action is taken?

III. If the answer to question I is in the affirmative, was the action on the sentence by the Court of Military Review a proper action?

■ The Court of Military Review correctly held that a sentence cannot be reconsidered with a view toward increasing its severity if such sentence has been "announced," unless a mandatory sentence is involved. *United States v. Jones*, 3 M.J. 348 (C.M.A.1977); *United States v. Simpson*, 10 U.S.C.M.A. 229, 27 C.M.R. 303 (1959); *United States v. Hounshell*, 7 U.S.C. M.A. 3, 21 C.M.R. 129 (1956); paragraph 76 c, Manual for Courts-Martial, United States, 1969 (Revised edition); *see* Article 62(b), UCMJ. Left for consideration is whether an "announced" sentence was reconsidered.

Paragraph 74g, Manual, *supra*, establishes a procedure whereby a military judge "may require the president to submit the findings to him in open session in writing prior to their announcement." However, there is no similar provision for the sentencing portion of the court-martial, although such a procedure is set forth in appendix A8–25 (Guide-Trial Procedure), Manual, *supra*.[3] Relying on *United States v. Linder*, 6

---

1. Paragraphs 126h(3) and 127c, Manual for Courts-Martial, United States, 1969 (Revised edition), now permits the imposition of both a fine and forfeiture by a general court-martial, although they could not be combined under the requirements of paragraphs 126h(3) and 127c, Manual for Courts-Martial, United States, 1951.

2. The Court of Military Review also held that the court-martial lacked jurisdiction as to five of the specifications; it dismissed them, and approved only so much of the sentence as ex-

tended to a bad-conduct discharge, reduction to Airman Basic, and a fine of $2,300. The propriety of its action on the matter is not challenged on this appeal.

3. While the appendix must be consistent with the Manual and the Uniform Code of Military Justice, it is instructive on the procedure to be followed. *See United States v. Bingham*, 3 M.J. 119 (C.M.A.1977).

U.S.C.M.A. 669, 20 C.M.R. 385 (1956), the Court of Military Review held that, contrary to the provision relating to findings, the perusal of the sentence "worksheet" by the military judge was improper, and the communication of its contents to the defense counsel constituted an announcement of the sentence.

In *Linder,* a law officer perused a sentence worksheet which provided for confinement at hard labor in excess of six months without imposing a punitive discharge. He then referred to that portion of the Manual for Courts-Martial, United States, 1951, which precluded the imposition of confinement at hard labor in excess of six months, when no punitive discharge was adjudged [4] and suggested a reconsideration. The court members subsequently adjudged a sentence which included a punitive discharge. With only two judges participating in the decision, Chief Judge Quinn expressed the view that the perusal of the worksheet was an illegal private communication between the law officer and court members amounting to a closed session as the contents of the worksheet were not disclosed to the accused or his counsel. He further reasoned that he would be inclined to hold the sentence had been announced if such contents were communicated to the accused. Judge Latimer stated that the communication between the law officer and the court members was improper, but such communication was not equivalent to a prohibited entrance into a closed session. He further reasoned that an announcement of the sentence did not occur until it was orally stated by the president in an audible voice.

*Linder* was decided on the basis that the law officer improperly intervened in the deliberations of the court by perusing the sentencing worksheet and directing reconsideration. However, a military judge may consult with the court members if such consultation is in the presence of the accused and counsel. *See* Article 39(b), UCMJ. Furthermore, *Linder* was decided prior to the adoption of that portion of paragraph 74*g,* MCM, 1969 (Rev.), which authorizes a military judge to peruse a findings worksheet in open court. *Compare* paragraph 74*g,* MCM, 1951. Thus, *Linder* was decided during a period when there was no authorization for a law officer to peruse a worksheet, utilized by the court members as a record of their determinations, before all the parties involved.[5] We perceive no valid distinction between the two segments of the trial and refuse to extend *Linder,* which was concerned with a law officer's communication with court members without the participation of the defense, into an area where the defense fully participates in the proceeding.

A procedure whereby a military judge peruses the sentencing worksheet prior to the announcement of the sentence enables him to seek timely correction of any errors, ambiguities or illegalities in the sentence by the court members. As we have previously observed, the military judge "is more than a mere referee" in the trial proceedings. *United States v. Graves,* 23 U.S.C.M.A. 434, 437, 50 C.M.R. 393, 396, 1 M.J. 50, 53 (1975). Accordingly, his responsibility can be better exercised if he has the authority to peruse the sentence prior to its announcement. Finally, a perusal of the worksheet in open court, with an opportunity for the defense to observe its contents, insures that the defense will have an opportunity to object to any matter it perceives to be detrimental to the accused.

We, therefore, answer the first certified issue in the negative. That answer moots the remaining issues. As the Court of Military Review concluded there was no prejudice to the accused, its erroneous resolution of the first issue did not affect the proceedings. Accordingly, we affirm the decision

---

4. This requirement which was set forth in paragraph 127*c,* MCM, 1951, has been removed. See paragraph 127*c,* MCM, 1969 (Rev.).

5. As originally enacted, Article 39, UCMJ, authorized a law officer *to assist the members in*

putting the findings in proper form without the presence of the accused or his counsel. P.L. 81–506, 64 Stat. 108. However, this provision has been deleted. P.L. 90–632, 82 Stat. 1335.

of the Court of Military Review as to its action on the findings and sentence.[6]

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring):

I agree with Judge Cook that the perusal of the sentencing worksheet by the judge, prosecutor, and defense counsel for error prior to the reading of the sentence by the president of the court did not amount to an "announcement" of the sentence as defined by our case law. I think the procedure followed by this trial judge is to be lauded, and I encourage its adoption and utilization by the trial judiciary. Unlike the situation presented in *United States v. Jones*, 3 M.J. 348 (C.M.A.1977), we are presented with only *one* sentence to review—the sentence announced by the president of the court after its second deliberation, and it must stand.

6. The Court of Military Review held that the military judge's instructions on reconsideration were improper as he directed reconsideration of a sentence which the judge erroneously perceived to be illegal rather than leave the matter to the judgment of the members. However, this issue was not certified to the Court and, in light of the defense concession that under the circumstances of the present case that the second adjudged sentence was less severe, we decline to address the issue in the opinion. *See United States v. Brown*, 1 M.J. 465 (1976).