UNITED STATES

v.

Sergeant Sherrie L. CALHOUN, FR 433–02–1057 United States Air Force.

ACM 22451.

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Oct. 1978.

Decided 13 July 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel Merton F. Filkins.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

HERMAN, Judge:

We consider the admissibility of a summary of account shortages prepared by a law enforcement investigator in this decision; despite holding it to be erroneously introduced into evidence, we modify and affirm the conviction, since we find other substantial evidence to corroborate the confession of the accused to a larceny of a smaller amount of funds.

Tried on a single charge of larceny of $6,172.70 of government funds, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, the accused was convicted, despite her plea, of larceny of $4,000.00. The military judge sentenced her to bad conduct discharge, total forfeitures, confinement at hard labor for one year, reduction to airman basic and a fine of $4,000.00; in lieu of payment of the fine, the military judge substituted an additional period of confinement for one year.

The accused worked in the Food Service Staff Office, where she was responsible for receiving cash collections for meals from a number of dining hall supervisors. The routine followed was that the supervisors would be given a receipt for the cash turned in after the count was verified, and the various collections would be consolidated daily on a single cash collection voucher. The voucher and the cash were taken to the Accounting and Finance Office where they were turned in and a receipt issued. The accused supervised one other airman who performed some of these functions for her.

In June 1978, Mr. Francis Arguello of the Air Force Audit Agency, performed an audit of the food service operation at Grissom Air Force Base, Indiana. In comparing the receipts issued by the Food Service Staff Office and the vouchers representing funds turned in to the Accounting and Finance Office, as well as other supporting documents, he discovered that $6,172.70, which was received by the Food Service Staff Office, was not turned over to the Finance Office during the period charged.

A Special Agent for the Office of Special Investigations (OSI), prepared Prosecution Exhibit 10, a listing of the daily receipts, the identity of the recipient and the individual turning them in to the Finance Office, and, from the tapes prepared independently by the auditor, the amounts which represented cash not turned over to the Finance Office. Over objection by trial defense counsel it was admitted into evidence by the military judge. We agree with counsel

that the document was hearsay evidence, and that it was not admissible under any exception to that rule.

■ The Manual for Courts-Martial, 1969 (Rev.), paragraph 146a permits the use of a memorandum representing the past recollection of a witness which he testifies was accurate at the time when he had knowledge of the facts, but to which his present memory has failed as to the specifics of the memorandum. The summary in question does not pass this test since the calculations of shortages were prepared from secondary data recorded by the auditor, not the agent-witness. *United States v. Webb*, 12 U.S.C. M.A. 276, 30 C.M.R. 276 (1961).

■ The memorandum fails as a business or official record (Manual, supra, paragraph 144), since it was prepared primarily for prosecution of an offense. *United States v. Porter*, 7 M.J. 32 (C.M.A.1979); *United States v. Nault*, 4 M.J. 318 (C.M.A.1978).

Finally, the government asserts that the memorandum was properly admitted as a summarization of numerous or bulky writings. Paragraph 143a(2)b of the Manual, supra, provides,

[I]t must first be shown that the writings would be admissible but are so numerous or bulky that they cannot conveniently be examined by the court; that the fact to be proved is the result of a summarization of the whole collection; that the witness is qualified by training or experience to summarize the writings; that he or a group of which he was a member composed of persons qualified by training or experience for their respective tasks examined and summarized the whole collection; and that the opposite party had access to the writings on which the summarization was based.

■ The record does not establish this foundation which is a prerequisite for the introduction of the summary in question.[1] *United States v. Haskins*, 28 C.M.R. 853 (A.F.B.R.1959), and citations therein at 861, aff'd, 11 U.S.C.M.A. 365, 29 C.M.R. 181

---

1. It may well be that this witness could not have provided the proper foundation, which would have been better sought from the auditor with his summaries or working papers.

(1960). Thus we find that Prosecution Exhibit 10, the summary of shortages compiled by the special agent, was improperly admitted into evidence by the military judge.

Left for our determination is the question of prejudice to the accused's substantial rights resulting from the admission of this exhibit. We note first that much of the exhibit is devoted to the identity of the person receiving funds from the various dining facilities, and the person turning the funds in to the Finance Office. In a number of instances, the accused's assistant performed both functions; this may well have caused the military judge to infer that some of the shortages resulting from those transactions were not the subject of theft by the accused. Furthermore, the exhibit shows that, in the main, the accused's assistant was the individual who made the deposit of funds to the Finance Office. This information, if believed, could only be beneficial to the accused, and may have been a factor in the judge's finding of larceny in an amount some $2,000.00 less than that charged.

■ The information detrimental to the accused on Prosecution Exhibit 10 consisted essentially of her name appearing as the recipient of funds from the dining halls, as a sometime depositor of the funds at the Finance Office, and the detailing of the shortages from the transactions. In the light of the auditor's testimony that the total amount of the shortage was $6,172.70, the confession of the accused admitting that she stole upwards of $4,000.00, and evidence that the accused generally received the funds from the dining halls, we find Prosecution Exhibit 10 cumulative of other evidence before the court, non-prejudicial to the accused in either the findings or sentence, and constituting harmless error only. *United States v. Walters*, 22 U.S.C. M.A. 516, 48 C.M.R. 1 (1973); *United States*

*v. Hooper*, 4 M.J. 830 (A.F.C.M.R.1978); *United States v. Knox*, 3 M.J. 971 (A.C.M.R. 1977), pet. denied, 3 M.J. 465 (C.M.A.1977); compare *United States v. Ward*, 1 M.J. 176 (C.M.A.1976).

The defense next asserts that there is insufficient evidence to prove beyond a reasonable doubt that the amount of the larceny was $4,000.00, as found by the military judge. The government's evidence, without considering Prosecution Exhibit 10, consists of the testimony of Mr. Arguello, the auditor, that the shortage of funds amounted to $6,172.70; the confession of the accused, that,

> I did not think I had taken any more than $4,000; however, I did not keep any record of the amount I took so it could have been as much as $6,000. I just don't know;

and the following testimony of the OSI agents taking the confession:

> (Mr. Pearce) She didn't feel it was more than four thousand dollars—three or four thousand dollars, in that area.

>      .      .      .      .      .

> (Mr. Stevenson) In her rights advisement, she was advised of her rights in the theft of over six thousand dollars and she indicated she did not believe it had been that amount, that high. She stated that she didn't know how much because she hadn't kept a record of the amounts she was taking that it was possibly as much as four thousand dollars.

In his cross-examination of the auditor, trial defense counsel elicited testimony which showed that some shortages occurred while her assistant performed both functions of receipt and turn in of funds. The evidence also showed that in the vast majority of instances, the accused handled the funds.[2]

■ Although we are satisfied beyond a reasonable doubt by the competent evidence

---

2. We have scrutinized the evidence with the exception of the confession to determine whether it establishes the existence of a crime, for one may not be so convicted based solely upon his uncorroborated confession. *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); *United States v. Springer*, 5 M.J. 590 (A.F.C.M.R.1978); Manual, supra,

paragraph 140a (5); Annot., 99 L.Ed. 110 (1955).

> [T]he corroborative evidence does not have to prove the offense beyond a reasonable doubt, or even by a preponderance, as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that defendant is guilty  .   .   .

that the accused committed the larceny, we are not so satisfied that the amount stolen was as much as $4,000.00. We have no such doubt that the accused stole at the very least, $3,000.00. To assure ultimate fairness to the accused, we shall therefore modify the findings and reassess the sentence accordingly.

The remaining errors assigned by counsel are without merit. The majority of these averments raise questions regarding the fine which was adjudged, and have been settled by previous case law. *United States v. DeAngelis*, 3 U.S.C.M.A. 298, 12 C.M.R. 54 (1953); *United States v. Vinyard*, 3 M.J. 551 (A.C.M.R.1977), pet. denied, 3 M.J. 207 (C.M.A.1977); *United States v. Justice*, 2 M.J. 344 (A.F.C.M.R.1976), aff'd, 3 M.J. 451 (C.M.A.1977); *United States v. Kehrli*, 44 C.M.R. 582 (A.F.C.M.R.1971), pet. denied, 21 U.S.C.M.A. 621, 44 C.M.R. 940 (1972).

Only so much of the specification and charge which amounts to a finding of guilty of larceny of $3,000.00 is affirmed. Upon reassessment of the sentence, we find appropriate only a bad conduct discharge, confinement at hard labor for one year, total forfeitures, reduction to airman basic and a fine of $3,000.00 and to be further confined at hard labor until said fine is so paid, but for not more than one year in addition to the one year hereinbefore affirmed.

The findings of guilty and the sentence, both as modified, are

AFFIRMED.

EARLY, Chief Judge, and ARROWOOD, Judge, concur. ORSER, Judge, absent.

---

All elements of the offense must be established by independent evidence or corroborated admissions, but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense "through" the statements of the accused. *Smith v. United States*, supra 348 U.S. at 156, 75 S.Ct. at 199.

We are satisfied that the shortage discovered by the auditor, the evidence of procedures for collection and deposit, and the functions performed by the accused constitute sufficient corroborative evidence. The accused's confession is "bolstered" by this independent evidence and the offense has been proved "through" the confession of the accused. *Smith v. United States*, supra.