**UNITED STATES, Appellee,**

v.

**Private First Class Felix VAZQUEZ, SSN 103–46–1245, United States Army, Appellant.**

**CM 441167.**

U. S. Army Court of Military Review.

25 Feb. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, Captain Steven T. Cain, JAGC, and Captain Richard W. Vitaris, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for appellee.

Before CARNE, Senior Judge, and O'DONNELL and FOREMAN, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). After the court members reached a sentence, the president asked the military judge to examine the sentence worksheet before the sentence was announced. The worksheet reflected that the court members had reached a sentence providing for reduction to Private E–1, forfeiture of all pay and allowances, confinement at hard labor for six months and discharge from the service with a "general discharge under less than honorable conditions." The references to a bad-conduct discharge and dishonorable discharge were lined out on the sentence worksheet.

The military judge informed the court members that their sentence was improper. He then held a hearing with counsel and the appellant to discuss how to remedy the improper sentence. Thereafter the military judge instructed the court as follows:

Now, I have only discussed with counsel, that part of the worksheet dealing with punitive discharge. And I advise you, that the only types of discharge that you may adjudge are a dishonorable discharge and a bad conduct discharge. You can not order any other kind of separation, even if under honorable conditions.

Therefore, what we'll have to do is the following. I am going to again close the court and allow you to retire into the deliberation room.

Right now, the sentence that you have on the worksheet stands in its entirety, except that part dealing with the punitive discharge.

When you get back into the deliberation room, any member may propose, that you reconsider that sentence. And the question as to whether or not to reballot, to

reconsider, shall be determined by secret written ballot.

As the sentence stands, you have not adjudged a punitive discharge. So, if you want to adjudge a punitive discharge, you will be increasing the punishment. A reballot on the sentence with a view to increasing the sentence will be taken only, if a majority of the members, that is, four out of the seven, vote in favor of reballoting. In other words, if four want to reballot, than you can reconsider the sentence.

Now, if you decide to reconsider the sentence, you will follow my original instructions. That is, vote by two-thirds. And you'll start with discussing proposal of sentences, then voting, until a sentence is adopted by two-thirds; or five out of seven. If reconsideration is not necessary, you may open the court and just announce the sentence without reference to the punitive discharge.

Now, I've marked another sentence worksheet. So, if you do vote to reballot and change the punishment, use the new worksheet. If you're going to stick with the old punishment, less the punitive discharge, then just read from the old worksheet.

The members returned to the closed session and thereafter sentenced the appellant to be reduced to Private E–1, to forfeit $275.00 pay per month for 12 months, and to be confined at hard labor for one year.

The appellant contends that the military judge failed to fully instruct the court concerning reconsideration of the sentence. We agree that the judge's instructions were inadequate. The military judge's instructions, considered as a whole, appear to have advised the court members that they had two options: they could adhere to the lawful portion of the sentence they had already reached, *i.e.*, reduction, total forfeitures, and confinement for six months; or they could reconsider with a view towards increasing the sentence by adding a punitive discharge, provided that a majority of the members voted to reconsider.

We hold that the military judge's instructions were deficient. He omitted any reference to reconsidering the sentence with a view toward decreasing it, and he incorrectly limited the court members' options on reconsideration to adhering to the original sentence or increasing it by adding a punitive discharge. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 76*d*.

Furthermore, it is clear that the members either misunderstood or declined to follow his instructions. In the first place, they went beyond the question whether to impose a punitive discharge and reconsidered the confinement and forfeitures, even though the military judge had advised them that "the sentence that you have on the worksheet stands in its entirety, except for the part dealing with the punitive discharge." Secondly, their reconsidered sentence indicates that, although not given that option by the military judge, they may have intended to lessen its severity, since they deleted the "general discharge under less than honorable conditions" and reduced the total forfeitures to partial forfeitures. Although instructed to limit any reconsideration to the question whether to impose a punitive discharge, they reconsidered the confinement and doubled it.

Because of the military judge's incomplete instructions as well as our uncertainty about the court members' adherence to the instructions, we are unable to conclude that the appellant has not been prejudiced.

The findings of guilty are affirmed. The sentence is set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge CARNE and Judge O'DONNELL concur.