UNITED STATES, Appellee,

v.

Specialist Four Richard W. KING, SSN 436–13–0598, United States Army, Appellant.

CM 441401.

U. S. Army Court of Military Review.

28 May 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major James F. Nagle, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of committing indecent acts with a child and assault consummated by a battery in violation of Articles 134 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 928 (1976). His adjudged and approved sentence provides for a bad-conduct discharge, confinement at hard labor for six months, total forfeitures and reduction to Private E–1.

After the court members received proper sentencing instructions from the military judge, they retired to deliberate. A sentence worksheet had been furnished to them to aid them in placing the sentence in proper form. The following transpired once the court was recalled into open session:

MJ: Has the court determined a sentence in the case?

PRES: Your Honor, if I could again beg the indulgence of the court to review the sentence worksheet here, and I direct your attention, in particular, to item number 12 here, because there's a deviation from the form.

MJ: All right, Would you please pick up the form.

[Trial counsel did as directed and handed it to the military judge]

MJ: All right, gentlemen, as I previously informed you, there are only two forms of discharge that a general court-martial can adjudge: Either a dishonorable discharge or a bad conduct discharge. There are no other forms of discharge.

PRES: If that's the case then, Your Honor, we'll need to retire once more into our deliberations.

MJ: All right. Please hand the sentence worksheet to the president. [Trial counsel did as directed]

MJ: All right, the court will again be closed for deliberations and voting on sentencing.

After further deliberations, the sentence noted above was announced. The worksheet was reused by the court members and the original writings in Item 12 were obliterated.

The appellant contends that the military judge erred by permitting the court members to reconsider their sentence without instructing them on the balloting procedures prescribed in the Manual for Courts-Martial, United States, 1969 (Revised edition) (hereafter referred to as MCM, 1969), paragraph 76d.

We hold that no such instructions were required. There are two separate procedures for initiating reconsideration of a sentence, one applicable to reconsideration initiated by the military judge and a second which is applicable to reconsideration initiated by a court member.

Reconsideration may be initiated by the military judge to rectify an illegal or ambiguous sentence. MCM, 1969, paragraph 76c. Prior to the effective date of the 1969 Manual, the military judge (then called a "law officer") was not authorized to peruse the sentence worksheet prior to announcement of the sentence. The law officer was authorized to initiate reconsideration of an illegal or ambiguous sentence, but only after the sentence was announced. Furthermore, the court members were limited at that point to adhering to their sentence or decreasing it. See Manual for Courts-Martial, United States, 1951 (hereafter referred to as MCM, 1951), paragraph 76c.

■ The 1969 Manual added the provision which authorizes the military judge to require the president of the court to submit the findings worksheet to him in open session prior to announcement of the findings. MCM, 1969, paragraph 74g. Although no specific authority to review the sentence worksheet was incorporated in the body of the 1969 Manual, it is incorporated in Appendix 8b of the Manual and the Court of Military Appeals has approved the practice. United States v. Justice, 3 M.J. 451, 453 (C.M.A.1977). The 1969 Manual retained

the authority of the military judge to initiate reconsideration of an illegal or ambiguous sentence. Because of his added authority conferred by paragraph 74*g* and the *Justice* decision, he may now initiate reconsideration of the sentence before the sentence is announced.

■ The 1950 Code and the 1951 Manual made no specific reference to sentence reconsideration initiated by a court member. However, it was generally accepted that court members were authorized under the 1950 Code to reconsider a sentence before it was announced, and that upon reconsideration they could either increase or decreased the sentence. *See United States v. Linder*, 6 U.S.C.M.A. 669, 679, 20 C.M.R. 385, 395 (1956) (Latimer, J., concurring in the result); *United States v. Justice*, 2 M.J. 623, 625 (A.F.C.M.R.1977) (on reconsideration); *see also* Winthrop, Military Law and Precedents, p. 394 (2d ed., reprint 1920). The 1968 Code did not change the authority of court members to reconsider a sentence, but merely changed the voting requirement for deciding a motion to reconsider initiated by a court member.

Article 52(c) of the 1950 Code made no specific reference to reconsideration, but merely set out the voting requirements for various questions within the purview of the court members. Article 52(c) of the 1968 Code retained the traditional rule that procedural decisions made by court members are decided by a majority vote, but reduced the number of votes needed to carry a motion to reconsider a sentence with a view toward decreasing it. *See* S.Rep. 1601, 90th Cong., 2d Sess. (1968), reprinted in United States Code Congressional and Administrative News, 1968, pp. 4501–16. Paragraph 76 *d* of the 1969 Manual was added to implement Article 52(c) but did not change the authority of court members to reconsider a sentence. *See* Department of the Army Pamphlet 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Revised edition), 28 July 1970, paragraph 76*d.*

■ It is clear from the history of paragraphs 76*c* and 76*d* of the Manual and Article 52(c) of the Code that two distinct procedures are prescribed. When reconsideration is initiated by the military judge under paragraph 76*c* prior to formal announcement of the sentence, as happened in this case, the procedures for balloting on the motion to reconsider which are set out in paragraph 76*d* are not applicable and instructions regarding those procedures are unnecessary. The balloting procedures in paragraph 76*d* apply only when a court member proposes reconsideration. Accordingly, we conclude that the military judge did not err by failing to give the court members instructions on the procedures specified in paragraph 76*d*.[1]

■ However, even in a case of reconsideration initiated by the military judge, the military judge has the responsibility to insure that the reconsideration is conducted in accordance with adequate legal guidelines. If the court members seem uncertain about their authority or the options available to them, he must provide additional guidance. *See generally, United States v. Keith*, 22 U.S.C.M.A. 59, 46 C.M.R. 59 (1972). In this case the appellant argues that he was prejudiced because the military judge did not *sua sponte* instruct the court

1. There is some authority for the proposition that the court members must vote to reconsider even if the military judge initiates reconsideration under paragraph 76*c*. *See United States v. Justice*, 2 M.J. 344 (A.F.C.M.R.1976), reconsidered 2 M.J. 623 (A.F.C.M.R.1977). The Court of Military Appeals has declined to address that issue. *United States v. Justice*, 3 M.J. 451, 454 n.6 (C.M.A.1977). To the extent that the two Air Force Court of Military Review opinions in *Justice* hold that the military judge must instruct on the paragraph 76*d* procedures when he initiates reconsideration under the authority of paragraph 76*c*, we decline to follow them. Furthermore, even if the members were required to vote on this question whether to reconsider even though reconsideration was initiated by the military judge, failure to ballot on the preliminary question whether to reconsider would have been a harmless procedural error in this case, since it is reasonable to expect that if two-thirds of the members voted to add a bad-conduct discharge, a simple majority would have voted to reconsider with a view toward increasing the sentence.

members regarding the alternatives to a punitive discharge or their authority to recommend clemency. We disagree and hold that the military judge's instructions were adequate.

In an appropriate case it may be error for the military judge to fail to instruct the court members regarding their right to recommend clemency. However, whether such an instruction is required depends upon the particular circumstances of the case. *United States v. Keith, supra* at 63–64. In this case the subject of post-trial clemency was not raised at any time during the trial by either counsel or the court members. The court members expressed no uncertainty about their authority after being advised that they could not impose any discharge other than a punitive discharge. The trial defense counsel requested no additional instruction and raised no objection to the military judge's brief supplemental instruction. We hold that the circumstances of this case did not require a *sua sponte* instruction on the right of the members to recommend clemency. *Compare United States v. Keith, supra, with United States v. Turner,* 14 U.S.C.M.A. 435, 34 C.M.R. 215 (1964).

The appellant also contends that the military judge erred by not giving the accused and his counsel an opportunity to examine the sentence worksheet which triggered the reconsideration. We agree that his failure to allow the accused and his counsel to examine the worksheet and to append the worksheet to the record was error. The military judge's discussion with the president of the court amounted to a private communication with the court members, since the accused and his counsel were not privy to what was written on the worksheet. *See United States v. Linder,* 6 U.S.C.M.A. 669, 676, 20 C.M.R. 385, 392 (1956).

Unlawful participation by a military judge in the sentencing deliberations

gives rise to a rebuttable presumption of prejudice. *United States v. Allbee,* 5 U.S.C.M.A. 448, 18 C.M.R. 72 (1955). In this case it is clear that the court members had substituted some form of discharge other than a punitive discharge in item 12 of the sentence worksheet. (Item 12 was designed as a form for announcing a sentence to a bad-conduct discharge.) Although the accused and his counsel were not shown the worksheet, the subject matter of the conversation was obvious, and sufficient to enable counsel to understand the context in which the additional instructions were given. Accordingly, we conclude that the failure of the military judge to show the worksheet to the defense counsel in no way impeded counsel's ability to object to the military judge's instruction or request additional instructions. We are satisfied that the presumption of prejudice is rebutted by the record in this case.

We also note that the sentence worksheet which prompted the colloquy between the military judge and the president of the court was not preserved or appended to the record. However, we do not consider this to be a substantial omission from the record of trial. *See generally United States v. McCullah,* 11 M.J. 234 (C.M.A.1981); *United States v. Gray,* 7 M.J. 296 (C.M.A.1979).

We note further that the additional instructions which were given were neutral, unlike the instructions in *United States v. Vazquez,* 12 M.J. 1022 (A.C.M.R. (1982) which limited the court members' options to adhering to their original sentence or increasing it.[2] In this case the military judge did not suggest that a punitive discharge be imposed; he merely pointed out that no other type of discharge could lawfully be imposed. He then permitted the court members to return to the deliberation room, where they were free to decrease the sentence or increase it.

2. In *Vazquez,* the military judge initiated reconsideration of an illegal sentence and then instructed the court members how to vote on the question whether to reconsider. His instructions on the paragraph 76*d* voting procedures

would have amounted to no more than a harmless redundancy had he not limited the court's options to adhering to the original sentence or increasing it.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge O'DON-NELL concur.