
UNITED STATES, Appellee

v.

**Mark R. BUTLER, Private**
U.S. Army, Appellant.

No. 94–0578.
CMR No. 9200234.

U.S. Court of Military Appeals.

Submitted July 5, 1994.

Decided Sept. 30, 1994.

For Appellant: *Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Major Michael A. Egan, Captain Christopher W. Royer* (on brief).

For Appellee: *Colonel Dayton M. Cramer, Major James L. Pohl, Captain Joel B. Miller* (on brief); *Captain Kenneth G. Wilson.*

PER CURIAM:

A special court-martial composed of officer and enlisted members convicted appellant of assault and battery and indecent assault, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. The approved sentence provides for a bad-conduct discharge and confinement for 4 months. The Court of Military Review affirmed the findings and sentence in an unpublished opinion.

■ We granted appellant's petition for review to consider whether the military judge committed plain error when he ordered the panel to reconsider its illegal sentence without properly instructing them on the voting procedures to follow on reconsideration. We hold that the military judge did not err.

Following initial sentence deliberations, the members presented the sentence worksheet to the military judge. After examining the worksheet the military judge told the members:

> You have to make a decision. You have to decide whether or not you're going to adjudge a bad-conduct discharge or no discharge. You have no authority to adjudge any other type of discharge other than a bad-conduct discharge. So, I'll ask you to go back and deliberate and arrive at a legal sentence, okay?

He gave no further instructions. Neither party objected to the military judge's instructions or requested further instructions. When the members returned, they imposed a sentence which included a bad-conduct discharge.

After excusing the members the military judge stated for the record that the initial sentence had included a general discharge, "and that's why I instructed the court to return for further deliberations since that is not a lawful punishment by a court-martial." Appellant now contends that the court members impermissibly increased his sentence without proper instructions on the procedures for reconsidering a sentence. We disagree.

RCM 1009(c)(2)(B), Manual for Courts-Martial, United States, 1984, provides:

> When a sentence reached by members is ambiguous or apparently illegal, the military judge shall bring the matter to the attention of the members if the matter is discovered before the court-martial is adjourned.

In this case the members originally had reached an illegal sentence by attempting to impose a general discharge. Thus the military judge was under an obligation to take corrective action. While he might have convened a session under Article 39(a), UCMJ, 10 USC § 839(a) and solicited the views of counsel as to how to proceed, or he might have chosen to provide the members with additional guidance *sua sponte*, we find no error in his failure to do so. *Cf. United States v. Perez*, 40 MJ 373 (CMA 1994) (military judge did not err by directing members to reconsider illegal finding).

The decision of the United States Army Court of Military Review is affirmed.