UNITED STATES, Appellee

v.

Michael A. GARNER, Specialist
U.S. Army, Appellant

No. 12-0282

Crim. App. No. 20080401

United States Court of Appeals for the Armed Forces

Argued October 23, 2012

Decided January 8, 2013

ERDMANN, J., delivered the opinion of the court, in which BAKER, C.J., and RYAN, J., joined. STUCKY, J., filed a separate opinion concurring in the result. EFFRON, S.J., filed a separate opinion concurring in part and in the result.

Counsel

For Appellant: William E. Cassara, Esq. (argued); Captain John L. Schriver (on brief).

For Appellee: Captain Kenneth W. Borgnino (argued); Lieutenant Colonel Amber J. Roach and Major Katherine S. Gowel (on brief).

Military Judge: Theresa A. Gallagher

**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Specialist Michael A. Garner, contrary to his pleas, was found guilty at a general court-martial with members of: rape, forcible sodomy, and indecent assault of his biological daughter; possessing child pornography; desertion; and disobeying a no-contact order. Articles 120, 125, 134, 85, and 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934, 885, 890 (2006). The convening authority approved the adjudged sentence of reduction to E-1, forfeiture of all pay and allowances, confinement for life, and a dishonorable discharge. The United States Army Court of Criminal Appeals (CCA) affirmed the findings and the sentence.[1] United States v. Garner, No. ARMY 20080401, 2011 CCA LEXIS 396, at *9-*10, 2011 WL 6088629, at *3-*4 (A. Ct. Crim. App. Nov. 29, 2011).

Rule for Courts-Martial (R.C.M.) 1009(e)(1) provides that when "reconsideration has been initiated, the military judge shall instruct the members on the procedure for

---

[1] The CCA affirmed only so much of the finding of guilty of Specification 2 of Charge III as finds that Garner:

> did, on divers occasions between 1 December 2006 and 31 December 2006, at Fort Story, Virginia, wrongfully and knowingly view or possess child pornography, depicting images of a child that was or appeared to be under the age of 18, engaged in sexual acts, including: pictures of his biological daughter, S.R.G., a person under the age of 18, in various stages of undress, posed in a lewd or lascivious manner and engaged in fellatio, which conduct, under the circumstances, was to the prejudice of good order in the armed forces, or was of a nature to bring discredit upon the armed forces.

reconsideration."  We granted review of this case to determine whether the military judge erred when she did not give a reconsideration instruction to the members after she examined the initial sentence worksheet and returned the members for further deliberations.  We also granted an issue as to whether the failure to allege the terminal element in Specification 1 of Charge III constituted prejudicial error.[2]  We hold that while the military judge erred in failing to give an instruction on reconsideration, any such error was harmless and therefore affirm the CCA on Issue I.  As to Issue II, we return the record to the Judge Advocate General of the Army for remand to the CCA for further consideration in light of United States v. Fosler, 70 M.J. 225 (C.A.A.F. 2011), and United States v. Humphries, 71 M.J. 209 (C.A.A.F. 2012).

---

[2] We granted review of the following issues:

> I.  Whether the military judge erred when she failed to give the necessary instructions on sentence reconsideration.

> II.  Whether the Army Court of Criminal Appeals erred when it held that Specification 1 of Charge II states an offense even though the Government did not allege the terminal element, either expressly or by necessary implication, as required by United States v. Fosler, 70 M.J. 225 (C.A.A.F. 2011).

United States v. Garner, 71 M.J. 301 (C.A.A.F. 2012) (order granting review).

I.

## Whether the Military Judge Erred When She Failed to Provide the Panel with an Instruction on Sentence Reconsideration.

Background

After Garner had been found guilty but prior to the members beginning their deliberations on the sentence, the military judge properly provided the standard instructions concerning the possible punishments.  As to the instructions related to confinement, the military judge advised the members:

> [T]his Court may sentence the accused to confinement for life without the eligibility for parole.  Unless confinement for life without eligibility for parole or confinement for life is adjudged, a sentence to confinement should be adjudged in either full days or full months or full years.

After instructing the members on the procedures for voting, the military judge informed the members that "once a proposal has been agreed to by the required concurrence, then that is your sentence."  She instructed the members that:

> You may reconsider your sentence at any time prior to its being announced in open court.  If, after you determine your sentence, any member suggests that you reconsider the sentence, open the court, and the president should announce that reconsideration has been proposed . . . [and] I will give you specific instructions on the procedure for reconsideration.

She also provided the members with a sentence worksheet as an aid in putting the adjudged sentence in proper form.

When the members returned from sentence deliberations, the military judge reviewed the sentence worksheet prior to the announcement of the adjudged sentence. Following her review she informed the president of the panel that the worksheet was not in proper form and that she would repeat the instruction on confinement and return the members for further deliberation. The portion of the worksheet relating to confinement provided:

⊠ To be confined for _35_ (days)(months)(years)(life)(life without eligibility for parole)

The military judge again instructed the members as to their options related to confinement. At the end of those instructions, she asked the president of the panel if he believed the panel needed further instructions and the president responded in the affirmative.

The military judge placed the panel in recess and convened an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), hearing. During that hearing the military judge stated "I believe that the sentence worksheet is ambiguous and inconsistent and intend to have the members return to deliberate in order to clarify what their sentence is . . . ." The defense objected stating that they believed that the requisite number of panel members voted on a sentence that included a term of years, and therefore, it was a legal sentence. Defense counsel went on to say, "We believe that the presence of a more severe term of confinement on the sentencing worksheet should have no effect

5

because the panel has reached a decision on the least severe punishment. We believe, therefore, that that should be the sentence and the other terminology should be disregarded."[3]

The military judge disagreed with the defense assessment and when the court reconvened with members, she informed the members that the sentence worksheet was ambiguous. She explained the ambiguity by advising them that they could not adjudge a sentence that included both a qualified term of years to confinement and confinement for life without eligibility for parole. She stated that "[y]ou cannot have those two sentences coexist." She went on to again provide the members with instructions with respect to the options concerning confinement and parole. She advised them that "you do not have a vote with regards to parole unless you determine that a sentence to life is appropriate . . . . [y]ou do not have a say about any type of a parole situation with regards to a quantifiable term." She then gave the members a clean sentence worksheet and returned them to their deliberations.

The military judge did not provide any instructions concerning the reconsideration procedures found in R.C.M. 1009(e). After additional deliberations the members returned

---

[3] Although the defense counsel objected to permitting the members to clarify the adjudged sentence, the defense counsel did not request that the military judge instruct the members as to the procedures for reconsideration or object to the absence of such instructions.

and announced a sentence that did not include either period of confinement reflected on the original sentence worksheet, but rather reflected a sentence of confinement for life.

Discussion

"Whether a panel was properly instructed is a question of law reviewed de novo." United States v. Ober, 66 M.J. 393, 405 (C.A.A.F. 2008) (citation omitted).

Garner argues that the panel's initial sentence was illegal because it contained an unauthorized punishment, i.e., a term of years without eligibility for parole, and further argues that the sentence itself was not ambiguous.[4] Garner asserts that while clarification under R.C.M. 1009(c) is proper for ambiguities involving mistakes in the announcement of a sentence or verbal or clerical errors, reconsideration is appropriate when the panel has imposed an illegal sentence as they did here, citing United States v. Jones, 3 M.J. 348, 351-52 (C.M.A. 1977). He goes on to argue that the military judge's failure to provide a sua sponte instruction on reconsideration essentially instructed the members to deliberate anew on any sentence to

---

[4] Garner asserts that the initial sentence worksheet reflected a sentence of "35 years no parole." The members' entry as to confinement appears on its face to sentence Garner to confinement for both thirty-five years and confinement for life without eligibility for parole. Garner's interpretation, while not supported by the worksheet entry, reflects the confusion that arose from the initial sentence to confinement.

7

confinement. Assuming that the original sentence was for thirty-five years of confinement, Garner argues that he was substantially prejudiced by the subsequent more severe sentence of confinement for life and there is no way to know whether the required majority of the panel voted to increase the sentence to confinement as required by R.C.M. 1009(e)(3)(A).

In response, the Government argues that because the sentence reflected on the original sentence worksheet was ambiguous as to the period of confinement adjudged, there was no lawful sentence to reconsider. The Government concludes therefore that the issue was one of clarification under R.C.M. 1009(c), and not reconsideration under R.C.M. 1009(e). The Government goes on to argue that R.C.M. 1009(e) does not apply to the situation presented in this case. In making this argument the Government asserts that in some cases an ambiguous sentence can be "reconsidered," making a distinction between "reconsideration" of an ambiguous sentence that is a legal nullity and "reconsideration" with a view towards either increasing or decreasing an otherwise lawful sentence. In the Government's view, the former does not require an instruction on reconsideration procedures while the latter does.

"The military judge has an independent duty to determine and deliver appropriate instructions." Ober, 66 M.J. at 405 (citation omitted). R.C.M. 1005(a) provides that "[t]he

military judge shall give the members appropriate instructions on sentence."  R.C.M. 1009(e)(1) provides that the military judge "shall" instruct the members on the procedure for reconsideration "[w]hen a sentence has been reached by members and reconsideration has been initiated."  The text of R.C.M. 1009(e) provides that any member may propose reconsideration of a sentence but does not address whether a military judge can initiate reconsideration.  The analysis to R.C.M. 1009 in Appendix 21 of the Manual for Courts-Martial, United States (MCM), however, indicates that when reconsideration is initiated by the military judge, a formal vote on reconsideration is necessary.[5]

Except in limited circumstances not applicable here, R.C.M. 1009 provides that "a sentence may be reconsidered at any time

---

[5] R.C.M. 1009 is based on Articles 52(c) and 62, UCMJ, and paragraphs 76c and d of the MCM (1969 rev. ed.).  See MCM, Analysis of the Rules for Courts-Martial app. 21 at A21–81 (2012 ed.).  The analysis states that the rule was amended to clarify the confusion reflected in United States v. King, 13 M.J. 838 (A.C.M.R. 1982), which held the procedures for reconsideration were inapplicable when the military judge initiated reconsideration.  The 1984 MCM incorporated this amendment to R.C.M. 1009.  However, in the 1995 MCM, R.C.M. 1009 no longer contained the language that provided authority for the military judge to initiate reconsideration.  Because it is unnecessary to the resolution of this case, we need not determine the effect of the changes to R.C.M. 1009(c)(2) deleting the language "apparently illegal," or the potential issues occasioned by the interplay of R.C.M. 1009(b)(2) and R.C.M. 1009(e)(3)(A). However, confusion in the application of R.C.M. 1009 as evinced by the issue presented in this case and potentially in other similar circumstances, we consider this an area warranting clarification by the President in the MCM.

before such sentence is announced in open session of the court." The review of the completed sentence worksheet by the military judge does not constitute an announcement of the sentence. United States v. Perkinson, 16 M.J. 400, 401 (C.M.A. 1983); R.C.M. 1006(e). Accordingly, since the original sentence reached by the members in this case was not announced in open session of the court, reconsideration was not foreclosed.

The initial question before this court is whether the military judge should have sua sponte provided an instruction on the procedures for reconsideration after she reviewed the initial sentence worksheet and before she returned the members to their deliberations. While the defense did object to the military judge sending the members back into deliberations to clarify the ambiguous sentence, there was no request for an instruction on reconsideration at any point in the proceedings. We therefore review this issue under a "plain error" standard. Under plain error review, we will grant relief only where (1) there was error, (2) the error was plain and obvious, and (3) the error materially prejudiced a substantial right of the accused. United States v. Sweeney, 70 M.J. 296, 304 (C.A.A.F. 2010).

In our view, the confinement portion of the sentence worksheet was clearly ambiguous. The military judge did not err in returning the members to their deliberations to clarify the

ambiguity. However, when the members returned from their deliberations with a revised sentence worksheet that did not merely clarify the ambiguity but rather reflected a "new" sentence that included confinement for life, it was obvious that the panel had "reconsidered" the initial sentence and had adopted a sentence that was not reflected on the initial sentence worksheet. Regardless of which of the two initial sentences the members intended, the second sentence either increased or decreased that sentence, and therefore reconsideration occurred. See R.C.M. 1009(e)(3)(A)-(B).

At that point the military judge erred by not sua sponte providing the members with appropriately tailored instructions for reconsideration and returning them to deliberations to ensure compliance with R.C.M. 1009(e). See R.C.M. 1009(e)(1) ("[w]hen a sentence has been reached by members and reconsideration has been initiated, the military judge shall instruct the members on the procedure for reconsideration") (emphasis added).

However, considering the circumstances under which this issue arose and the inconsistencies between this court's precedent and R.C.M. 1009, we are not convinced that the error was plain or obvious,[6] and, in any event, there was no prejudice.

---

[6] This court's precedent pre-dates the revisions to R.C.M. 1009 promulgated in the 1995 MCM. The discussions in United States v. Robinson, 4 C.M.A. 12, 15 C.M.R. 12 (1954); United States v.

11

United States v. Garner, No. 12-0282/AR

R.C.M. 1009(e)(3) provides the procedures to be followed when a sentence is reconsidered and R.C.M. 1009(e)(3)(A) specifically provides that "[the] members may reconsider a sentence with a view of increasing it only if at least a majority vote for reconsideration." Accordingly, if the initial sentence to confinement was thirty-five years, as urged by Garner, reconsideration of that sentence with a view of increasing it would have required four of the seven members to vote for reconsideration.

When the military judge provided her initial instructions on possible punishments to the members, she instructed them that a sentence of confinement for life required the concurrence of three-fourths or six members. See R.C.M. 1006(d)(4)(b). Because a sentence that included confinement for life would have required more than a simple majority (four of seven), i.e., the

Liberator, 14 C.M.A. 499, 34 C.M.R. 279 (1964); United States v. Jones, 3 M.J. 348 (C.M.A. 1977); and United States v. Butler, 41 M.J. 211 (C.M.A. 1994), reflect the challenges occasioned prior to 1995 in applying the MCM's all encompassing usage of the term "reconsideration" when referring to the process necessary for members to increase or decrease a sentence reached by them, as well as the process to clarify an ambiguity or correct an apparent illegality both before and after the announcement of the sentence. As such, this court has not explicitly defined either "clarification" or "reconsideration." Based on a plain reading of the current R.C.M. 1009, the term "reconsideration" no longer applies to the clarification of an ambiguous sentence either before or after the sentence is announced in open session of the court.

12

United States v. Garner, No. 12-0282/AR

concurrence of three-fourths of the members (six of seven),[7] we are satisfied under the unique circumstances of this case that Garner was not prejudiced.

II.

<u>Whether the Army Court of Criminal Appeals Erred When It Held that Specification 1 of Charge II States an Offense Even Though the Government did not Allege the Terminal Element</u>.

We granted Issue II regarding the Article 134, UCMJ, indecent assault offense in view of our decision in <u>Fosler</u>, 70 M.J. 225.[8]  Since our grant of review, this court decided <u>Humphries</u>, 71 M.J. 209, which provides additional guidance on the issue presented in this case.  Consistent with similar contested cases where the issue as to failure of the Article 134, UCMJ, offense to state an offense is raised for the first time on appeal, a remand of the case to the CCA will provide that court an opportunity to evaluate whether the plain and obvious error materially prejudiced Garner's substantial rights.

Conclusion

The decision of the Army Court of Criminal Appeals is affirmed except as to the finding of guilty to Specification 1 of Charge III and the sentence.  The decision of the Army Court

---

[7] Although the members may have been confused as to how the sentence worksheet was to be completed, there is no indication that they were confused as to the initial instruction that a sentence to confinement for life required the concurrence of three-fourths of the members (six of seven).

[8] Granted Issue II refers to Specification 1 of Charge II, but should refer to Specification 1 of Charge III.

13

of Criminal Appeals as to Specification 1 of Charge III and the sentence is reversed.  The record is returned to the Judge Advocate General of the Army for remand to the Army Court of Criminal Appeals for further consideration in light of United States v. Fosler, 70 M.J. 225 (C.A.A.F. 2011), and United States v. Humphries, 71 M.J. 209 (C.A.A.F. 2012).

STUCKY, Judge (concurring in the result):

I write separately because I disagree with the majority's holding that the military judge erred by failing to instruct the members on the procedures for reconsidering the sentence.

## I.  Background

The military judge provided the members with a sentence worksheet to assist them in putting the sentence in proper form. The court members returned the sentence worksheet, which stated in part:

To be confined for 35 ~~(days) (months) (years) (life)~~
~~(life without eligibility for parole)~~.

The military judge noted that the sentence worksheet was not in proper form and consulted with counsel for the parties concerning the appropriate way to proceed.

Over the objection of the defense, the military judge informed the members that the worksheet was "ambiguous.  You cannot do both a quantified term of years and a life without eligibility for parole.  You cannot have those two sentences exist."  The military judge further explained the differences between the authorized forms of confinement and reread some of the standard sentencing instructions.  She also provided the members with a clean sentence worksheet, apparently so that the record for appeal would be clear.  The members deliberated,

returned, and announced the sentence as it appeared on the second worksheet, including the confinement portion which read:

> To be confined for ―― (days) (months) (years) (life) (life without parole).

Appellant did not raise this issue at the United States Army Court of Criminal Appeals (CCA), and the CCA did not address it in its opinion.

## II.  Discussion

The majority concludes that reconsideration occurred because the court members returned with a revised sentence that reflected neither of the two sentences to confinement appearing on the original sentence worksheet.  United States v. Garner, __ M.J. __ (11) (C.A.A.F. 2013) ("the second sentence either increased or decreased that sentence, and therefore reconsideration occurred").  The majority holds, therefore, that the military judge should have instructed the members on reconsideration and returned them to the deliberation room.  Id.

The reconsideration instruction provides different procedures depending on whether the panel wishes to reconsider with a view to increasing or with a view to decreasing the punishment.  See Rule for Courts-Martial (R.C.M.) 1009(e)(3); see also Article 52(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 852(c) (2006).  To reconsider a sentence with a view to increasing the punishment, a majority of the members must

2

concur.  R.C.M. 1009(e)(3)(A).  To reconsider a sentence with a view to decreasing a sentence to confinement in excess of ten years, more than one-fourth of the members must concur.  R.C.M. 1009(e)(3)(B)(ii).

In this case, it makes no sense to hold that the military judge erred by not giving a reconsideration instruction.  It is unclear to me, as it would have been to the court members, whether the sentence to confinement ultimately adjudged was increased from thirty-five years or decreased from life without parole.  Under the circumstances of this case, the members would not have known whether the vote to reconsider would have required a majority of the members or only more than one-quarter.  The military judge took the appropriate action and did not err by failing to give a reconsideration instruction.

United States v. Garner, No. 12-0282/AR

EFFRON, Senior Judge (concurring in part and in the result):

I concur with the majority opinion's conclusion that any error in this case was not "plain or obvious" in light of the uncertainties in the relationship between the rule and opinions issued by our Court. United States v. Garner, __ M.J. __ (11) (C.A.A.F. 2013). I also agree that the President should give consideration to providing clarification of the law in this area. Garner, __ M.J. at __ (9 n.5). In view of the lack of clarity in the current state of the law, I would not reach the issue of prejudice.