# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**MICHAEL N. BELL**
**BUILDER FIRST CLASS (E-6), U.S. NAVY**

**NMCCA 201200517**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 23 August 2012.
**Military Judge**: CAPT Kevin O'Neil, JAGC, USN.
**Convening Authority**: Commander, Navy Region Southwest, San Diego, CA.
**Staff Judge Advocate's Recommendation**: LCDR J.L. Markley, JAGC, USN.
**For Appellant**: Capt Jason Wareham, USMC.
**For Appellee**: Maj Crista Kraics, USMC.

**28 February 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as general court-martial, convicted the appellant, pursuant to his pleas, of one specification each of receiving, possessing, and producing child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Members with enlisted representation sentenced the appellant to ten years confinement and a dishonorable discharge. There was no pretrial agreement.

The convening authority (CA) approved the sentence as adjudged and, except for the dishonorable discharge, ordered the sentence executed.

The appellant raises seven assignments of error:

1) That the military judge committed plain error by failing to provide a sentencing "spillover" instruction;

2) That the military judge committed plain error in admitting additional images of "morphed"[1] child pornography during presentencing where the appellant pleaded guilty to producing only one such image;

3) That the military judge committed plain error when he allowed victim impact testimony from the mother of the subject of the "morphed" image produced by the appellant;

4) That the military judge committed plain error when he allowed the trial counsel to argue facts not in evidence when arguing for an appropriate sentence;

5) That the appellant's sentence is excessive in comparison to similar cases and therefore inappropriate;

6) That cumulative errors in the case warrant relief; and

7) That the definition of child pornography contained in Title 18 U.S.C. § 2256(8) as used in this case and applied to the "morphed" image of child pornography is facially overbroad or as applied to this case where said images are so poor in quality that their alteration do not contain indistinguishable minors.[2]

---

[1] At trial, "the parties agree[d] that a morphed image is one that is created by using part of one image and digitally merging it with another image so as to create a new, distinct image." Appellate Exhibit XXXVII, Ruling on Defense Motion to Dismiss of 17 Aug 2012 at 2.

[2] Although he references "images" in his assignment of error, the appellant only addresses the one morphed image to which he pleaded guilty. The image described by the appellant during his providence inquiry and on brief appears in Prosecution Exhibit 2. Aside from the easily recognizable face, the image depicts a full frontal view of a naked female subject in a lascivious pose with a full display of her genitalia. The girl in question appears to be approximately 12 – 14 years old. Even absent the morphed facial image, the

2

## Factual Background

The appellant, a Navy Reservist who deployed to Iraq in 2007 and again to Afghanistan in 2010, downloaded images and videos of child pornography onto his personal laptop and a thumb drive. He began downloading and viewing child pornography prior to his first deployment in 2007 and continued doing so until his discovery in 2012. After his discovery, he told investigators that he routinely viewed these images for his sexual arousal and gratification.

Among these images were a series of digitally altered or "morphed" images in which the appellant "Photoshopped" faces of young girls onto images of naked young girls and/or adult women. These morphed images included some in which the appellant superimposed his own naked image next to a morphed image of a young girl. At least one of these latter images displayed the morphed girl appearing to touch the appellant's exposed penis. One of the subjects of his morphed images was a ten or eleven-year-old girl who lived in the appellant's neighborhood.

At trial, the appellant pleaded guilty to possessing and receiving child pornography, and to producing one morphed image of child pornography, as that phrase is defined under 18 U.S.C. § 2256(8).

During presentencing, the trial counsel presented images and videos of child pornography recovered from the appellant's computer and thumb drive, and called a computer forensic expert who testified that among the images and videos recovered were 39 known victims of child pornography. Record at 429; Prosecution Exhibits 1, 2, 3, 19. Trial counsel also called two police officers who each testified to the impact of the sexual abuse on two of the children depicted in the videos and images possessed by the appellant.[3] Additionally, trial counsel called the mother of the young girl in the morphed image, who testified as to the impact of the appellant's conduct on the girl and their family. Record at 476-86. Trial counsel also introduced additional morphed photos of the girl recovered from the appellant's

_____

picture appears to display an identifiable minor engaging in sexually explicit conduct. 18 U.S.C. § 2256(8).

[3] Record at 456-71.

computer and their corresponding sexually explicit filenames. *Id*. at 397-403, 442-45; PE 2.

## **Analysis**

1. Sentencing Spillover Instruction

Prior to assembly, the military judge and both counsel discussed the applicable maximum punishment based on the appellant's guilty pleas. Citing the analogous federal offenses of receiving and possessing child pornography under 18 U.S.C. §2252A, the trial counsel proffered a maximum confinement penalty of 30 years. However, on the remaining offense of producing a single morphed image of child pornography, the trial counsel stated that "[al]though [the Government has] referenced [18 U.S.C. § 2256(8)] in [the specification], the morphing of images is not contemplated as production under [18 U.S.C. § 2252A]." Record at 103. The military judge accepted the trial counsel's explanation without comment and instructed the appellant that the production offense carried a maximum confinement penalty of four months.

In a novel argument, the appellant contends that due to the wide disparity in maximum punishment and the fact that the Government's case in aggravation weighed heavily toward the girl in the morphed image, the military judge had a *sua sponte* duty to "instruct the members to parse out the evidence and apply it only to those maximum sentences that the evidence supports." Appellant's Brief of 13 May 2013 at 13-14 (footnote omitted). We disagree.

A military judge has an independent duty to properly instruct the panel, *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008). When the instruction at issue is non-mandatory, we review for an abuse of discretion. *United States v. Barnett*, 71 M.J. 248, 249 (C.A.A.F. 2012). But since the appellant raised no objection to the military judge's instructions at trial, we review for plain error. *United States v. Garner,* 71 M.J. 430, 434 (C.A.A.F. 2013). Here we find no error, much less plain and obvious error. The military judge properly advised the panel that they must consider all evidence admitted and must only punish the appellant based on those offenses for which he had been found guilty. Record at 661-62.

4

The appellant offers no authority for his novel proposition that when separate offenses carry disparate maximum penalties a military judge must instruct the panel to parse the evidence accordingly, and we decline to create any such requirement.

We also note that the appellant characterizes the morphing offense as separate and distinct from the remaining offenses of possession and receipt of child pornography. However, in his confession to investigators (PE 7) and during the providence inquiry, he admitted that he stored this morphed image he creates with many other images and videos of child pornography. Moreover, he admitted to the military judge that this morphed image met the same definition of child pornography as the other images of child pornography he downloaded and possessed on his computer. Record at 112-16; 130-35; 137-45. It follows then that this morphed image was but one of many other images of child pornography knowingly possessed by the appellant. We therefore disagree with the appellant's contention that the Government's aggravation evidence concerning the morphed image was relevant only to the production offense. We find it relevant to both the possession and production offenses. *Id.*

Last, while much of the Government's case in aggravation focused on the morphed image of the young girl, this morphed image the appellant created is far less graphic than other images and videos recovered from his computer media.[4] PEs 1 and 19. Moreover, the appellant himself admits in his statement to investigators that he downloaded and possessed child pornography, and created morphed images of child pornography, all for his own sexual arousal and self-gratification. PE 7. In these regards, we find that much of the evidence in aggravation pertaining to the young girl in the morphed image, like much of the remaining evidence in aggravation, illustrated

---

[4] The police officers described how two children depicted in images and videos possessed by the appellant were sexually abused over a number of years by their respective fathers, and how each father made the depiction available for online consumption. Both officers testified as to the impact of the abuse on the child and their knowledge that their chronicled abuse resided in perpetuity online, aggravating factors absent in the case of the morphed image of the neighbor child. Therefore, we are not persuaded by the appellant's argument that "[t]he most powerful evidence the Government offered was, without a doubt, the testimony of [that child's mother]." Appellant's Brief at 13.

5

the broader issue of the appellant's perverse and sexually deviant desire to collect and view disturbing images of child pornography. Accordingly, we find this assignment of error without merit.

2. <u>Improper Aggravation through Uncharged "Morphed" Images</u>

Next, the appellant argues that the military judge committed plain error when he admitted as evidence in aggravation 15 additional morphed images, 12 of which incorporated images of the same young neighbor girl. Appellant's Brief at 19-23.[5] He contends that these additional morphed images were more graphic than the sole image to which he pleaded guilty, and therefore the military judge erred by failing to *sua sponte* exclude them under MILITARY RULE OF EVIDENCE 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). We disagree.

The appellant created images of child pornography by superimposing recognizable facial images of young girls, including his young neighbor, onto images of other female subjects engaging in sexually explicit conduct. Record at 347, 378-79, 382-83, 397-403, 442; PE 2. Some of these subjects are easily identifiable as prepubescent girls even without a "Photoshopped" child's face. PE 2. Among these are images of a morphed girl depicted in a lascivious pose. Others display an erect penis interposed amongst morphed children. *Id*. Still others display morphed children appearing to engage in sexual acts with adults. *Id*. True, these latter images are more graphic than the single image to which the appellant pleaded guilty; however, as discussed *infra*, these morphed images incorporating identifiable images of children engaging in sexually explicit conduct share the same impetus for the appellant as the remaining child pornography he possessed - sexual arousal and gratification. PE 7. In that vein, we agree with the Government's argument on brief that these additional images are probative of "the full scope and seriousness of Appellant's commitment to producing pornographic images involving a ten year-old [girl]." Government Answer of 12 Aug

---

[5] Although he cites error by the military judge in admitting PEs 1-3, the appellant focuses his argument on those additional morphed images of his young neighbor admitted in aggravation, all of which are contained on PE 2.

2013 at 19.  We also find that the probative value of these additional morphed images is not substantially outweighed by the danger of unfair prejudice.  MIL. R. EVID. 403.  Consequently, we conclude that the appellant has failed to meet his burden of demonstrating plain error.

3. Unconstitutionally Overbroad Definition of Child Pornography in 18 U.S.C. § 2256(8) as Applied to the Facts of this Case

The appellant argues that the definition of child pornography in § 2256(8), as pled in the specification and applied to the morphed image which he pleaded guilty to producing, is unconstitutionally overbroad as the image "[is] so poor in [its] alteration that [it does] not contain [an] indistinguishable minor[]."  Appellant's Brief at 35.  Assuming *arguendo* that the § 2256(8) definition as applied was constitutionally overbroad, the appellant's argument still fails.  The appellant was convicted of service discrediting conduct under clause (2) of Article 134, UCMJ.  The normal concerns involved with over breadth challenges[6] are absent here, where the focus is on the character of the appellant's conduct as being prejudicial to good order and discipline or service discrediting.  Even conduct which may otherwise be constitutionally protected can be prosecuted under clauses (1) and (2) of Article 134.  *See*, *e.g.*, *United States v. Barberi,* 71 M.J. 127, 131 (C.A.A.F. 2012) (recognizing that unconstitutionally overbroad portion of child pornography definition in 18 U.S.C. § 2256(8) at issue in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) did not prohibit prosecution for "virtual" child pornography under clauses (1) or (2) of Article 134).

Although not raised, we have also considered whether the specification as pled, and the image in question, sufficiently placed the appellant on notice that his conduct was subject to criminal sanction.  *See United States v. Warner*, 73 M.J. 1, 5-7 (C.A.A.F. 2013) (holding that specification alleging possession of images that depicted minors "as sexual objects or in a sexually suggestive way" lacked sufficient notice of criminality

---

[6] *See United States v. Williams*, 553 U.S. 285, 292 (2008) (defining as unconstitutionally overbroad those statutes that prohibit a substantial amount of protected speech under the First Amendment).

7

where images in question displayed no nudity or sexually explicit conduct).  In light of the definition used by the military judge, and the clearly recognizable image of the young neighbor's face superimposed onto a naked subject with fully exposed genitalia, we readily conclude that the appellant received sufficient notice as envisioned under the Due Process Clause of the Fifth Amendment.

4. <u>Remaining Assignments of Error</u>.

Having reviewed the record, we find those remaining assignments of error raised by the appellant to be without merit.  *United States v. Clifton*, 35 M.J. 79, 81-82 (C.M.A. 1992).

## Conclusion

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court