# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**DONNELL T. EPPS**
**AIRMAN (E-3), U.S. NAVY**

**NMCCA 201300423**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 31 July 2013.
**Military Judge:** CAPT K.R. O'Neil, JAGC, USN.
**Convening Authority:** Commanding Officer, USS CARL VINSON (CVN 70).
**Staff Judge Advocate's Recommendation:** LCDR Michael V. Rosen, JAGC, USN.
**For Appellant:** LT Carrie E. Theis, JAGC, USN.
**For Appellee:** CDR James E. Carsten, JAGC, USN; Maj Crista D. Kraics, USMC.

**29 July 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

The appellant entered mixed pleas at a trial by special court-martial with officer and enlisted members. Pursuant to his pleas, the military judge found the appellant guilty of one specification of unauthorized absence and two specifications of wrongful use of marijuana in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a. The members convicted the appellant, contrary to his pleas, of

two specifications of missing movement by design, and one specification of missing movement by neglect, in violation of Article 87, UCMJ, 10 U.S.C. § 887.[1]  The members sentenced the appellant to 157 days confinement, reduction to pay grade E-1, forfeitures of $934.00 pay per month for five months, and a bad-conduct discharge.  The convening authority (CA) approved the sentence as adjudged.

The appellant raised the following two assignments of error: (1) that the military judge erred in preventing the trial defense counsel from arguing that the appellant's guilty pleas were evidence of the appellant's innocence of the charges to which he pled not guilty; and, (2) that the military judge erred when he did not provide an instruction on clemency when a member asked for clarification on whether the appellant would receive an administrative separation if no punitive discharge was awarded.

After careful consideration of the record of trial, the appellant's assignments of error, and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

**Improper Argument**

At the appellant's request, the military judge informed the members at the beginning of the trial that the appellant had pled guilty, and was found guilty, of the unauthorized absence and wrongful use of marijuana charges.  In her closing argument, trial defense counsel (TDC) attempted to argue that the appellant's acceptance of responsibility for those charges was proof that he did not commit the contested missing movement offenses.  The military judge interrupted her argument, called for an Article 39(a), UCMJ, session, and informed the TDC that she would not be able argue the plea as evidence supporting the appellant's innocence.  Specifically, the military judge held that the plea was "not evidence" and therefore could not be used as the basis for argument.  Record at 304.  The appellant now argues that the military judge erred when he made that ruling.

---

[1] The appellant was charged with four specifications of missing movement by design.  The members acquitted the appellant of one specification and found him guilty of the lesser included offense of missing movement by neglect for a second specification.

2

The control of arguments before courts-martial is within the discretion of the military judge. RULE FOR COURTS-MARTIAL 801(a)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.); R.C.M. 919(b), Discussion; *see also United States v. Michaud*, 48 C.M.R. 379, 397 (N.C.M.R. 1973). Rulings in this regard will be overturned only where the military judge has clearly abused his discretion. *United States v. Cordero*, 21 M.J. 714, 716 (A.F.C.M.R. 1985). We will overturn that ruling if the findings of fact are clearly erroneous or unsupported by the factual record, or if the ruling was influenced by an erroneous view of the law. *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995). A military judge's conclusions of law are reviewed *de novo. United States v. Owens*, 51 M.J. 204, 209 (C.A.A.F. 1999).

If we conclude that the military judge erred in his evidentiary ruling, we subject that error to an analysis for prejudice. The test for nonconstitutional error is whether the error had a substantial influence on the findings. *United States v. Gunkle*, 55 M.J. 26, 30 (C.A.A.F. 2001). We determine prejudice from an erroneous evidentiary ruling using a four-part test: (1) the strength of the prosecution case; (2) the strength of the defense case; (3) the materiality of the evidence in question; and (4) the quality of the evidence at issue. *United States v. Weeks*, 20 M.J. 22, 25 (C.M.A. 1985).

Here we find no error. When the military judge informed the members that the appellant had pled guilty to unauthorized absence and wrongful use of marijuana, he did so to explain their responsibility with respect to those charges, not to put the fact of the pleas into evidence such that it could be argued by either party on the merits.

Lastly, even assuming *arguendo* that the military judge's ruling was incorrect, the error was harmless. The Government's case, at least with respect to the offenses for which the member's convicted the appellant, was strong. The Government not only presented evidence that the ship's schedule was repeatedly put out to the appellant at quarters, but also presented evidence that on two occasions shipmates told the appellate of the ship's impending movement and urged him to return so as to not miss the movement. Second, the argument that the appellant was precluded from making had little or no merit, and therefore would have added nothing to the strength of the appellant's case. The fact that the appellant "took responsibility" by pleading guilty to several offenses does not logically support an assertion that he would have pled guilty to the remaining offenses but for his innocence. This is

3

especially true in light of the overwhelming evidence possessed by the Government with respect to the charges to which he pled guilty. Accordingly, we find this assignment of error to be without merit.

## Clemency Instruction

At the sentencing stage of the trial the members asked the judge the following question: "If the jury does not award a punitive discharge, will [the appellant] go to an admin[istrative] separation board?" Appellate Exhibit XXVIII. The military judge called an Article 39(a) session to discuss his response with counsel and presented them with his proposed response. The TDC indicated that she had no objection the military judge's response. The appellant now claims that the military judge erred by failing to *sua sponte* provide the panel members with a clemency instruction.

In a case where no objection was made to the instructions given to panel members, this court reviews instructions for plain error. R.C.M. 1005(f); *United States v. Griffin*, 25 M.J. 423, 425 (C.M.A. 1988). Under plain error review, relief is granted only when "(1) there was error, (2) the error was plain and obvious, and (3) the error materially prejudiced a substantial right of the accused." *United States v. Garner*, 71 M.J. 430, 434 (C.A.A.F. 2013) (citation omitted).

"[T]he military judge's instructions to members must be adequate to allow the court 'intelligently to determine a punishment appropriate to the accused before it.'" *United States v. Perkinson,* 16 M.J. 400, 401 (C.M.A. 1983). To that end, "'in a proper case it is error for the military judge to fail to disclose to the court members their right to recommend clemency.'" *Id*. (quoting *United States v. Keith*, 46 C.M.R. 59, 63 (C.M.A. 1972)). However, a military judge need not provide a clemency instruction when the facts of a case "do not sufficiently raise the possibility that the members intended to recommend clemency." *Id*.

In this case, the members did not indicate a desire or intent to recommend clemency, but rather asked what might happen should they not award the appellant a punitive discharge. This single question, without more, does not trigger a requirement to give the clemency instruction. Accordingly, we find this assignment of error to be without merit.

4

**Conclusion**

The findings and the sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court