# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant GEORGE D. BROWN**
**United States Army, Appellant**

ARMY 20130177

Seventh U.S. Army, Multinational Training Command
Joshua S. Shuey, Military Judge
Lieutenant Colonel David E. Mendelson, Staff Judge Advocate

For Appellant:  Captain Patrick A. Crocker, JA (argued); Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr.; Major Vincent T. Schuler, JA; Captain Patrick A. Crocker, JA (on brief).

For Appellee:  Captain Carling M. Dunham, JA (argued); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Daniel M. Goldberg, JA (on brief).

21 November 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

TELLITOCCI, Judge:

A panel consisting of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of aggravated sexual assault, in violation of Article 120, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 920 (2006 & Supp. V 2012).[1]  The panel sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

---

[1] Appellant was acquitted of one specification of assault consummated by battery, in violation of Article 128, UCMJ.

This case is before us pursuant to Article 66, UCMJ. Appellant raises numerous assignments of error, one of which merits discussion but no relief. [2]

**FACTS**

In the early morning of 3 June 2012, appellant and Ms. AB engaged in sexual intercourse in the appellant's hotel room in Nuremburg, Germany. Earlier that evening, Ms. AB, a 17-year-old local national, had been drinking with the appellant, whom she had just met, and others at a night club. Witnesses attributed various levels of intoxication to AB, but everyone agreed that she was intoxicated to such a degree that she vomited in the street outside the club and the group decided it was best to take her to appellant's hotel room to recover. Appellant volunteered to stay behind in the room to keep an eye on AB.

AB's recollection of events throughout the evening and in the hotel is intermittent. She testified that she did not consent to intercourse with appellant, that she was unable to resist, and that "she could see what was happening but couldn't do anything." After the sexual act, AB got under the bed covers and went to sleep. Shortly thereafter, appellant woke up AB, got her out of bed, assisted her with putting on her clothing, and told her she had to leave the room. AB testified that appellant then escorted her to a pedestrian area near the hotel and left her standing there while he proceeded back to the club. Sometime thereafter, AB returned to the street outside of the club crying while shouting that she had been raped.

The government charged appellant with one specification of aggravated sexual assault by engaging in a sexual act with AB, "who was substantially incapacitated." At trial, appellant filed a motion requesting the military judge instruct the panel with a modified version of the substantial incapacitation instruction from the Military Judge's Benchbook. Dep't of the Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 3-45-5d (1 Jan. 2010). The version proposed by the defense (as modified by strike-outs from the Benchbook version and substitution as highlighted below) read:

> "Substantially incapacitated" and "substantially incapable" mean that level of mental impairment due to consumption of alcohol, drugs, or similar substance; while asleep or unconscious; or for other reasons; which rendered ~~the alleged victim~~ **an individual** unable to appraise the nature of the sexual conduct at issue, unable

---

[2] Appellant also personally raises three issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

> to physically communicate unwillingness to engage in the sexual conduct at issue, ~~or otherwise unable to make or communicate competent decisions~~ **or to decline participation in the sexual act**.

The military judge denied the request to strike language from the Benchbook, but the military judge did add the language requested by appellant in his second proposed addition—that is "unable to decline participation in the sexual act." The version of the instruction ultimately provided by the military judge was:

> "Substantially incapacitated" means that level of mental impairment due to consumption of alcohol, drugs, or similar substance; while asleep or unconscious; or for other reasons; which rendered the alleged victim unable to appraise the nature of the sexual conduct at issue, unable to physically communicate unwillingness to engage in the sexual conduct at issue, unable to decline participation in the sexual act, or otherwise unable to make or communicate competent decisions.

## LAW AND DISCUSSION

In the pertinent assignment of error, appellant alleges:

> THE MILITARY JUDGE ABUSED HIS DISCRETION BY USING THE TERM "COMPETENT DECISION" TO DEFINE "SUBSTANTIALLY INCAPACITATED" IN THE JURY INSTRUCTION, THEREBY LESSENING THE GOVERNMENT'S BURDEN OF PROOF FOR THE ELEMENT OF SUBSTANTIAL INCAPACITATION.

An allegation that the panel members were improperly instructed is an issue that we review de novo. *United States v. Garner*, 71 M.J. 430, 432 (C.A.A.F. 2013); *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008). When instructional error regarding the elements of a crime is found, the error must be tested for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Upham*, 66 M.J. 83, 86 (C.A.A.F. 2008). The instructions given to a panel are reviewed "in the context of the overall message conveyed" to the panel. *United States v. Prather*, 69 M.J. 338, 344 (C.A.A.F. 2011) (quoting *Humanik v. Beyer*, 871 F.2d 432, 441 (3d Cir. 1989)).

At the outset, we note the language "otherwise unable to make or communicate competent decisions" in the Benchbook instruction is not found in Article 120, UCMJ. Article 120 only uses the word "competent" in explaining the

affirmative defense of consent relative to a "competent person." UCMJ art. 120(g)(8). In the Benchbook definition of "substantially incapacitated," the object modified by "competent" is not a "person" as in Article 120, but is "decisions." There is no explanation for this change of language in the Benchbook and neither the parties nor this court have been able to determine the source of, or rationale behind, this change.

Appellant argues the standard, unmodified Benchbook version, would have allowed the members to find guilt if they decided that AB made a "bad" decision. Put another way, due to the instruction given, the members could have made a determination that a poor exercise in judgment or a bad decision equals an "incompetent" one. Therefore, under this theory, the members could have found AB was not capable of making competent decisions and was, therefore, substantially incapacitated. We disagree with appellant's argument.

In addition to the standard Benchbook instruction regarding substantial incapacitation, the military judge properly instructed the panel regarding consent to include the following:

> [C]onsent is a defense to that charged offense. "Consent" means words or overt acts indicating a freely given agreement to the sexual conduct by a competent person. . . . . A person cannot consent to sexual activity if that person is substantially incapable of appraising the nature of the sexual conduct at issue due to mental impairment or unconsciousness resulting from the consumption of alcohol, drugs, or similar substance, or otherwise is substantially incapable of physically declining participation in the sexual conduct at issue; or substantially incapable of physically communicating unwillingness to engage in the sexual conduct at issue. The prosecution has the burden to prove beyond a reasonable doubt that consent did not exist. Therefore, to find the accused guilty of the offense of aggravated sexual assault, as alleged in the Specification of Charge I, you must be convinced beyond a reasonable doubt that, at the time of the sexual act alleged, [AB] did not consent.

The argument that the substantial incapacitation instruction lessened the government's burden is, at best, strained. The instruction given by the military judge contained language not included in the statutory definition of "substantially incapacitated." However, we are unable to conclude that such an instruction lessened the government's burden or that it prejudiced the rights of appellant.

4

The military judge defined consent in terms of a competent "person" and not a "decision." Since "substantial incapacitation" is a condition under which a person is incapable of giving legal consent, the underlying, determinative finding is whether consent was or was not given.[3] Here, the panel was properly instructed regarding consent and they were charged that the government had the burden to prove beyond a reasonable doubt that AB did not consent. As a result, in convicting appellant, the panel necessarily found that AB did not consent because consent was not freely given by a "competent person."

Assuming, *arguendo,* that utilizing the use of the phrase "competent decisions" was error, we are convinced that in the context of this case and considering the entirety of the instructions given, any such error was harmless beyond a reasonable doubt. *Accord United States v. Cartwright*, ACM 37641, 2013 CCA LEXIS 735 (A.F. Ct. Crim. App 15 Aug. 2013); *United States v. Perry*, NMCCA 201100273, 2012 CCA LEXIS 2008 (N.M. Ct. Crim. App. 31 Jul. 2012).

## CONCLUSION

Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

SHELLEY GOODWIN-MATHERS
Deputy Clerk of Court

---

[3] Giving consent can be viewed as a decision or, at a minimum, as a manifestation of a mental process or calculation. This is demonstrative of just how closely intertwined are the concepts "substantially incapacitated" and "substantially capable," with only an "abstract distinction" between them. *Prather*, 69 MJ. 338.

5