# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Lancaster E. CLARK
### Operations Specialist Second Class (E-5), U.S. Coast Guard

**25-001(66)**
**Docket No. 1507**

**16 March 2026**

General court-martial sentence adjudged on 21 June 2024.

| | |
|---|---|
| Military Judge: | CDR Timothy N. Cronin, USCG |
| Appellate Defense Counsel: | LT Justin S. Allen, USCG |
| Appellate Government Counsel: | Mr. John P. Nolan, Esq. |
| Special Victims' Counsel: | Mr. Paul T. Markland |

### BEFORE
### McCLELLAND, BRUBAKER & MANNION
Appellate Military Judges

McCLELLAND, Chief Judge:

A general court-martial of members with enlisted representation convicted Appellant of one specification of domestic violence, violent offense of assault consummated by battery, in violation of Article 128b, Uniform Code of Military Justice (UCMJ). Appellant was sentenced to reduction to E-3 and three months of hard labor without confinement. Judgment was entered accordingly.

Before this Court, Appellant has assigned as error that the military judge erred in instructing that domestic violence by a violent offense of assault consummated by a battery is a lesser included offense of domestic violence by strangulation. We find no error and affirm.

Appellant and his wife lived in base housing aboard Fort Meade. Appellant's wife returned from a trip at or after midnight on the day of the charged offense in February 2023, and

went to sleep on the couch. Appellant came downstairs and woke her up, and an altercation ensued. In the course of it, they came near the vacuum cleaner, and he wrapped the vacuum cleaner cord around her neck. She succeeded in putting her hands between the cord and her neck, managed to get the cord off, and eventually escaped and called 911.

Whether an offense is a lesser included offense is a question of law the Court reviews de novo. *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012) (quoting *United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F. 2011). Whether a panel was properly instructed is also a question of law, reviewed de novo. *United States v. Mott*, 72 M.J. 319, 325 (C.A.A.F. 2013) (quoting *United States v. Garner*, 71 M.J. 430, 432 (C.A.A.F. 2013).

Article 79, UCMJ, authorizes a court-martial to find the accused guilty of an offense necessarily included in the offense charged. *United States v. Armstrong*, 77 M.J. 465, 469 (C.A.A.F. 2018). "The 'elements test' determines whether an offense is 'necessarily included in the offense charged' under Article 79, UCMJ." *Id.* (citing *United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010). "An offense can also be a lesser included offense of the charged offense if the specification of the charged offense is drafted in such a manner that it alleges facts that necessarily satisfy all the elements of each offense." *Id.* at 470. "[T]he elements test does not require the elements of the lesser and greater offense to be defined with identical statutory language." *Id.* at 471.

The specification under Article 128b alleged that Appellant "commit[ted] an assault upon [his wife] by unlawfully strangling her with the cord of a vacuum cleaner." Charge Sheet. As to that specification, the military judge instructed the members that in order to render a finding of guilty, they must be convinced beyond a reasonable doubt of the following elements of the offense:

> That, at or near Fort Meade, Maryland, on or about February 2023, the accused assaulted [his wife];
>
> That, the accused did so by strangling [his wife]; and
>
> Three, that the strangulation was done with unlawful force or violence.

R. at 1594.

As to the lesser included offense, the military judge instructed the members that in order to render a finding of guilty, they must be convinced beyond a reasonable doubt of the following elements:

> That, one, on or about February 2023, at or near Fort Meade, Maryland, the accused committed a violent offense, to wit: caused bodily harm to [his wife] by touching her neck with the cord of a vacuum cleaner;
>
> Two, that the bodily harm was done unlawfully;
>
> Three, that the bodily harm was done with force or violence; and
>
> Four, that the violent offense was committed against [his wife].

R. at 1596–97.

According to the Manual for Courts-Martial, United States (2023 ed.)[1] (MCM), the elements of domestic violence by strangulation are:

> (a) That the accused assaulted a spouse, an intimate partner, or an immediate family member of the accused;
>
> (b) That the accused did so by strangulation; and
>
> (c) That the strangulation was done with unlawful force or violence.

*See* MCM, pt. IV, para. 78a.b.(6) at IV-126.

The elements of domestic violence, violent offense of assault consummated by a battery are:

> (a) That the accused did bodily harm to a certain person;
>
> (b) That the bodily harm was done unlawfully;
>
> (c) That the bodily harm was done with force or violence; and
>
> (d) That the violent offense was committed against a spouse, intimate partner, or immediate family member of the accused.

*See* MCM, pt. IV, paras. 77.b.(2), 78a.b.(1) at IV-119, IV-126.

---

[1] The texts of the MCM citations in this opinion are unchanged in the 2024 edition of the Manual for Courts-Martial.

Assault without more, known as simple assault, which appears in the first element of domestic violence by strangulation, is generally defined as an attempt or offer, made with force or violence, to do bodily harm. MCM, pt. IV, para 77.c.(2)(a) at IV-120. An act in which bodily harm is actually inflicted is a battery. MCM, pt. IV, para 77.c.(3)(a) at IV-121. Strangulation is defined as intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck. MCM, pt. IV, para. 77.c.(5)(c)(iii) at IV-122. The pressure to the throat or neck thus incorporates the concept of battery (including actual bodily harm) into strangulation, notwithstanding the mere simple assault that appears in the first element of domestic violence by strangulation.

It is apparent that the instruction on the lesser included offense does not include anything that was not in the elements of the charged offense and the charged specification.

To convince us that domestic violence by a violent offense of assault consummated by a battery is not a lesser included offense of domestic violence by strangulation, Appellant simply asserts that battery is not a part of "assault" in the first element of domestic violence by strangulation. This ignores that battery is included in strangulation, the second element of the offense. Appellant's argument fails.

## Decision

We determine that the findings are correct in law; and that the sentence is correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as entered into the record, are affirmed.

Judges BRUBAKER and MANNION concur.



For the Court,

Sarah P. Valdes
Clerk of the Court

4